UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES MELENDREZ,

        Plaintiff,

-vs-                                    Case No: 08-CV-3820
                                            Judge Peter K. Leisure

WILSON SHIPPING CO., LLC,

        Defendant.

_____/

## FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, by and through counsel undersigned, OBRYAN BAUN

COHEN KUEBLER KARAMANIAN, complaining against Defendant as follows:

1.     This First Amended Complaint is being filed as a matter of right pursuant to the

Scheduling Order, the Court allowing amendments until October 1, 2008.  The within

amendment is presented to correct a misnomer in the name of the actual Defendant, substituting

Sealift, Inc., in error for the correct Defendant, WILSON SHIPPING CO., LLC.

2.     Jurisdiction and venue in this action, Defendant conducting business within this

forum's boundaries.

3.     Jurisdiction if founded under the Jones Act, 46 USC §30104,  and under the incorporated

provisions of the FELA, Title 45 USC §51, *et seq*., for negligence, under the General Maritime

Law for unseaworthiness, maintenance, cure and wages.

4.     At all times material to issues herein Plaintiff served as an employee of Defendant

serving as a crew member aboard the S/S WILSON, with all acts and/or omissions giving rise to

this action occurring in the course of Plaintiff's employment in the service of his ship.

5.     On or about December 24, 2007, Plaintiff was in the course of his employment when he was ordered to clean filthy and dirty areas of the vessel which were infested with vermin, bacteria, dirt, and other fowl organic and inorganic matter without being provided adequate personal protective gear, biotoxic suit, or other protective wear.  As a proximate consequence thereof, Plaintiff sustained an infection to the left elbow which infection became worse due to the lack of adequate treatment aboard the vessel and the Defendant's failure and/or refusal to provide Plaintiff with reasonably necessary and prompt medical attention.  Said infection progressed until Plaintiff systemically caused infection in his spine requiring further medical attention.

6.     Defendant's negligence and/or unseaworthiness of the vessel set forth in the preceding paragraph and the failure to provide Plaintiff with a safe place in which to work, proximately caused or contributed to Plaintiff's alleged injuries, including, but not limited to, the original infection, aggravation, exacerbation and/or enhancement of the original injury of different nature and greater severity than the original infection, all of which are attributable to, and additional injury, due to the failure to provide prompt and necessary medical attention. Failure to provide prompt and adequate medical attention aboard the vessel after the initial infection caused an injury different than that which would have been sustained had Plaintiff received prompt and adequate attention contemporaneous with the original infection.

7.     Defendant's tortious acts aforesaid caused or contributed to Plaintiff's damages, **inter alia**, as follows:

   a. Pain and suffering, past future;

   b. Mortification, humiliation, fright

shock and embarrassment;

c.    Loss of earnings and earning capacity;

d.    Hospital, pharmaceutical and other
      cure expenses;

e.    Aggravation; enhancement, additional injury;
      if any there be;

f.    Inability to engage in social, recreational,
      and other pursuits previously enjoyed;

g.    Mental anguish;

h.    Found;

i.    Maintenance, cure, wages and/or attorney fees.

WHEREFORE, Plaintiff demands trial by jury and judgment against Defendant, together with interest, costs, attorney fees and expenses, all to be methodically adjusted upwards during the pendency of this cause.

Respectfully submitted,

OBRYAN BAUN COHEN
    KUEBLER KARAMANIAN

Christopher D. Kuebler (P43220)
Attorney for Plaintiff
401 S. Old Woodward, Ste. 450
Birmingham, MI 48009
(248) 258-6262
(248) 258-6047 fax
ckuebler@obryanlaw.net

Dated: July 14, 2008